**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| SOUTH CAROLINA ELECTRIC AND GAS COMPANY,<br><br>    Plaintiff,<br>  v.<br><br>OLD REPUBLIC INSURANCE COMPANY, EMERSON ELECTRIC COMPANY, AND EMERSON PROCESS MANAGEMENT POWER AND WATER SOLUTIONS, INC.,<br><br>    Defendants. | CASE NO.:  2:16-cv-2468-RMG<br><br>**EMERSON ELECTRIC CO., AND EMERSON PROCESS MANAGEMENT POWER & WATER SOLUTIONS, INC.'S ANSWER** |

**TO:  UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA; AND ALL PARTIES AND ATTORNEYS OF RECORD:**

Defendant Emerson Electric Co. and Emerson Process Management Power & Water Solutions, Inc. (collectively "EPM") denies each and every allegation contained in Plaintiff's Complaint not hereinafter admitted qualified or explained and otherwise answers the Complaint of the Plaintiff as follows:

1.  Upon information and belief, in response to the allegations in Paragraph 1 of the Complaint, EPM admits that Count I of the Complaint is styed as a "Declaratory Relief," and otherwise states that the remaining allegations call for legal conclusions and, therefore, is not required to admit or deny the same; to the extent a response is required, EPM denies the allegations and demands strict proof thereof.

2.  Answering the allegations of Paragraph 2, EPM states that Emerson Electric Co. is not a proper party, admits that Emerson Process Management Power & Water Solutions, Inc.

1

entered into a contract with Plaintiff, and is without sufficient knowledge to admit or deny the remaining allegations of paragraph 2 of the Complaint and, therefore, they are deemed denied.

3. Answering the allegations of Paragraph 3, EPM admits that because the cause of action by Plaintiff was filed in the Court of Common Pleas Fourteenth Judicial Circuit, Colleton County, South Carolina, that venue for removal of the matter is appropriately with this Court and otherwise denies the remaining allegations in paragraph 3 of the Complaint.

4. EPM admits the allegations of Paragraph 4 of the Complaint.

5. Answering the allegations of Paragraph 5, upon information and belief, EPM admits that Old Republic Insurance Company is a company organized or existing under the laws of a state other than South Carolina and is otherwise without sufficient knowledge as to the remaining allegations and, therefore, they are deemed denied and strict proof demanded.

6. Answering the allegations of Paragraph 6, EPM admits that Emerson Electric Co. is a foreign corporation organized and existing under the laws of the State of Missouri with its corporate headquarters at 8000 W. Florissant Avenue, St. Louis, MO, 63136. This Defendant denies the remaining allegations in Paragraph 6, and therefore, demands strict proof thereof.

7. Answering the allegations of Paragraph 7, EPM admits that Emerson Process Management Power & Water Solutions, Inc. is a foreign corporation organized and existing under the laws of the State of Delaware with its corporate headquarters at 200 Beta Drive, Pittsburgh, PA 15238. This Defendant denies the remaining allegations in Paragraph 7, and therefore, demands strict proof thereof.

8.     Answering the allegations of Paragraph 8, EPM admits that because the cause of action by Plaintiff was filed in the Court of Common Pleas Fourteenth Judicial Circuit, Colleton County, South Carolina, that this Court has subject matter jurisdiction, and otherwise denies the remaining allegations in Paragraph 8 of the Complaint and demands strict proof thereof.

9.     Answering the allegations of Paragraph 9, EPM admits that Emerson Process Management Power & Water Solutions, Inc. entered into a Master Agreement with South Carolina Electric & Gas Co., Inc. executed by Emerson Process Management Power & Water Solutions, Inc. on September 18, 2008, denies this is the full agreement between the parties concerning services provide to Plaintiff for the Canady's Station electric generating plant, and otherwise denies the remaining allegations in Paragraph 9 of the Complaint and demands strict proof thereof.

10.    Answering the allegations of Paragraph 10, EPM admits that the Master Agreement  states in part, "Emerson shall provide SCE&G's strategic Sourcing Department an Insurance certificate evidencing coverages as required herein and in a form satisfactory to SCE&G," and otherwise denies the remaining allegations in Paragraph 10 of the Complaint and demands strict proof thereof.

11.    Answering the allegations of Paragraph 11, EPM admits that Exhibit B is the first page of a two-page Certificate of Liability Insurance showing the Insured as "Emerson Electric, Co. and all Subsidiary Companies" and stating a $2,000,000 limit for general liability and automobile liability and $1,000,000 for workers compensation and employers liability, and otherwise denies the remaining allegations in Paragraph 11 of the Complaint and demands strict proof thereof.

12.     Answering the allegations of Paragraph 12, EPM admits that Emerson Process Management Power & Water Solutions, Inc. is a covered insured and otherwise denies the remaining allegations in Paragraph 12 of the Complaint and demands strict proof thereof.

13.     Answering the allegations of Paragraph 13, EPM admits that Exhibit B is the first page of a two-page Certificate of Liability Insurance showing "SCANA Corporation and Subsidiaries" as a Certificate Holder, and otherwise denies the remaining allegations in Paragraph 13 of the Complaint and demands strict proof thereof.

14.     Answering the allegations of Paragraph 14, EPM admits that Samuel Washington, Jr. was the statutory employee of Emerson Process Management Power & Water Solutions, Inc. as a hired employee of its subcontractor Applied Control Technology, and otherwise denies each and every allegation contained in Paragraph 14 and demands strict proof thereof.

15.     EPM admits the allegations of Paragraphs 15, 16, and 17 of the Complaint.

16.     EPM denies the allegations of Paragraph 18 of the Complaint and demands strict proof thereof.

17.     EPM admits the allegations of Paragraph 19 and 20 of the Complaint.

18.     EPM denies the allegations of Paragraph 21 of the Complaint and demands strict proof thereof.

19.     EPM re-alleges and incorporates its above responses in response to the allegations contained in Paragraph 23 of the Complaint.

20. Answering the allegations Paragraph 24, EPM admits that Plaintiff's request for indemnification pursuant to the Master Agreement fails to meet the threshold requirements under the terms of that agreement and other documents encompassing the contractual relationship between the parties and otherwise denies the remaining allegations in Paragraph 24 of the Complaint and demands strict proof thereof.

21. EPM denies the allegations contained in Paragraphs 25, 26, and 27 of the Complaint and demands strict proof thereof.

22. Answering the allegations of Paragraph 28, EPM admits that SCE&G has retained counsel to represent it in the underlying lawsuits to defend claims made by that plaintiff that SCE&G was negligent and caused damages to Samuel and Louise Washington.

23. Answering the allegations of Paragraph 29, the allegations call for legal conclusions and, therefore, EPM is not required to admit or deny the same; to the extent a response is required, EPM denies the allegations and demands strict proof thereof.

24. Answering the allegations of Paragraph 30, the allegations call for legal conclusions and, therefore, EPM is not required to admit or deny the same; to the extent a response is required, EPM denies the allegations and demands strict proof thereof.

25. EPM re-alleges and incorporates its above responses in response to the allegations contained in mis-numbered Paragraph 30 of the Complaint.

26. Answering the allegations of Paragraph 31, EPM admits that Emerson Process Management Power & Water Solutions, Inc. entered into a Master Agreement with South Carolina Electric & Gas Co., Inc. executed by Emerson Process Management Power & Water

Solutions, Inc. on September 18, 2008, denies this is the full agreement between the parties concerning services provide to Plaintiff for the Canady's Station electric generating plant, and otherwise denies the remaining allegations in Paragraph 31 of the Complaint and demands strict proof thereof.

27. Answering the allegations of Paragraph 32, EPM admits that Plaintiff requested indemnity for the allegations made against it in the underlying lawsuits and otherwise denies the remaining allegations in Paragraph 32 of the Complaint and demands strict proof thereof.

28. Answering the allegations of Paragraph 33, EPM admits that Plaintiff's request for indemnification pursuant to the Master Agreement fails to meet the threshold requirements under the terms of that agreement and other documents encompassing the contractual relationship between the parties and otherwise denies the remaining allegations in Paragraph 33 of the Complaint and demands strict proof thereof.

29. EPM denies the allegations of Paragraphs 34, 35, and 36 of the Complaint and demands strict proof thereof.

**FURTHER ANSWERING SAID COMPLAINT AND AS AN AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES AND SAYS:**
**(Failure to State a Complete Cause of Action)**

30. This Defendant would respectfully show unto this Honorable Court that the Complaint fails to set forth sufficient facts necessary to constitute a complete cause of action and that therefore, said Complaint should be dismissed in whole or in part, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**FURTHER ANSWERING SAID COMPLAINT AND AS AN AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES AND SAYS**
**(Statute of Limitation, Repose, Laches/Estoppel)**

31.     Plaintiff's claims are or may be barred by the applicable statute of limitations, statute of repose, and/or by the equitable doctrines of laches and estoppel.

**FURTHER ANSWERING SAID COMPLAINT AND AS AN AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES AND SAYS**
**(Failure to Meet Statutory Threshold Requirements)**

32.     Plaintiff's claims are or may be barred by the provisions of S.C. Code Ann. § 15-53-10 *et seq*.

**FURTHER ANSWERING SAID COMPLAINT AND AS AN AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES AND SAYS**
**(Bar to Causes of Action Per Contract Requirements)**

33.     Plaintiff's claims are or may be barred by the Master Agreement or other agreements between the parties subject to terms and conditions concerning limitations of liability, warranty, remedies, governing law, and insurance.

**FURTHER ANSWERING SAID COMPLAINT AND AS AN AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES AND SAYS**
**(Reservation of Additional Defenses)**

34.     This Defendant intends to rely upon any and all other available defenses as may be developed through discovery and the evidence.

**FURTHER ANSWERING SAID COMPLAINT AND AS AN AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES AND SAYS**
**(Policy Exclusions)**

35. Plaintiff's claims are barred and/or restricted by the exclusions, terms, conditions, limitations and other provisions of the Old Republic policy and/or Plaintiff's status as a Certificate Holder on the Certificate of Liability Insurance.

**WHEREFORE**, these Defendants prays that the Complaint be dismissed with prejudice, and that costs be awarded as well as such other and further relief as this court deems just and proper.

SMITH MOORE LEATHERWOOD LLP

s/ H. Michael Bowers
H. Michael Bowers (Fed I.D. # 1417)
J. Bennett Crites, III (Fed I.D. # 9401)
Mary B. Ramsay (Fed. I.D. #11449)
25 Calhoun Street, Suite 250
Charleston, South Carolina  29401
Ph. 843.300.6600
Fax 843.300.6700
Mike.bowers@smithmoorelaw.com
Bennett.Crites@smithmoorelaw.com
Mary.ramsay@smithmoorelaw.com

*Attorney for Defendants Emerson Electric Co. and Emerson Process Management Power & Water Solutions, Inc*.

July 8, 2016
Charleston, South Carolina